# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

_____

Plumbers, Pipe Fitters and
Mechanical Equipment Service      Case No. C-1-05-371
Local Union No. 392, et. al.,      (Hogan, M.J.)
         Plaintiffs

     vs

Satellite Plumbing Co., Inc.,
A/K/A and F/K/A Satellite
Plumbing and HVAC Company,
Inc., et. al.,
         Defendants

_____

## ORDER
_____

This matter is before the Court on cross motions for Summary Judgment by Plaintiffs and Defendant Western Surety (Docs. 14, 19).  Also before the Court is Plaintiffs' Motion for Summary Judgment Against Defendant Satellite Plumbing (Doc. 18).

## UNDISPUTED FACTS

This case arises out of a United Associates of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of U.S. and Canada Local Union #392 Fringe Benefit Funds and Employee Authorized Deductions Bond.  Plaintiffs are composed of a labor union and four multi-employer trust funds organized under the Employee Retirement Income Security Act ("ERISA").  Defendant, Satellite Plumbing, is an employer party to the Collective Bargaining Agreement with Plaintiff, Local Union #392.  (Doc. 3, Defendant's Answer, at ¶ 4).  The terms of the CBA require employers such as Defendant Satellite to pay wages and

benefit contributions for the Union workers it employs within the time required by the CBA.  (Doc. 1, Complaint, at ¶ 13).  Defendant, Western Surety ("Western"), is the surety on the Deductions Bond numbered 930003504, which was signed, sealed and dated on November 3, 1999.  (Doc. 1, Complaint, Ex. B, attached). The Deductions Bond, which was drafted by Plumbers, Pipefitters and Mechanical Equipment Service Local Union No. 392 ("Local 392"), specifically named Satellite Plumbing and HVAC, Inc. ("Satellite") as principal and stated that Satellite had a contractual obligation to contribute to various fringe funds established under the Collective Bargaining Agreement ("CBA") between Mechanical Contractors Association of Cincinnati and the Pipe Fitters Local Union No. 392.  (Id.; Deposition of William B. Koester, at 25; Affidavit of Lisa Jennings-Baroun at ¶¶2, 3,4).  The Deductions Bond set forth that if the principal failed "to comply with all payments and/or Benefit Fund payments of said contract, then said surety shall pay the defaulted monies due under said funds or on behalf of each employee, directly to said funds."  (Doc. 1, Ex. B).  The bond named the fringe funds "such as but not limited to, the U.A. National Pension Fund, the Local Union Pension Fund, a Health and Welfare Fund, a Supplemental Unemployment Benefit Fund, and Education Fund, and two Employee Authorized Wage Deductions Funds such as a Vacation Fund and Dues Fund as well as an Industry Promotion Trust Fund all as required by law or this written Agreement." Moreover, the bond stated that "the terms of this bond are that it shall be in full force and effect unless sixty (60) days written notice is given of intention to cancel by said bonding company." (Id.).  The address for Local 392 provided in the bond is "1228 Central Parkway, Cincinnati, OH 45210."  (Id.).  However, the Local 392 members office, where the Deductions Bond requires notice of cancellation to be given, is located on the second floor at 1228 Central Parkway, Cincinnati, Ohio 45210.  (Koester Dep. at 9-10).

On August 14, 2001, in a letter to Schiff Kreidler Shell Agency,[1] Western inquired as to the status of the subject Deductions bond.   (Doc. 14, Ex. C; Jennings Affidavit, ¶ 7.  Through a handwritten note, Schiff Kreidler instructed Defendant to cancel the bond. (Id. at Ex. D; Jennings Aff. ¶ 7).  On August 20, 2001, Western mailed a cancellation notice, via certified mail, return receipt requested, to Plaintiff, United Assoc. Journeymen and Apprentices of Plumbing Indus., at the address listed in the Deductions Bond.  (Jennings Aff.  ¶ 8).  The

---

[1]  Schiff Kreidler Agency is apparently the agent for Satellite Plumbing. (See Koester Dep., at 33).

2

cancellation notice also referenced the specific Deductions Bond and its reference number. (Id.). While not specifically required in the bond, it is Western's usual course of business to send cancellation notices, and it is Local 392's usual course of business to receive cancellation notices, via certified mail. (Jennings Aff., at ¶ 8; Koester Dep., at 38).

Amber Wilson was employed as a temporary employee by Local 392 Health and Welfare Fund during the period of May 21, 2001 through October 19, 2001. (Doc. 19, Ex. A, Affidavit of Paula Allphin, at ¶9). Ms. Wilson's job responsibilities included answering the phone, writing unemployment checks, and entering new and existing Local 392 member personal data into the computer system. (Deposition of Paula Allphin, at 18). She was trained in the handling of certified mail. (Id. at 19). Moreover, Ms. Wilson was trained to recognize the address on the Return Receipt as belonging to Local 392, which was located on the second floor. (Id. at 34). Ms. Wilson signed for the Cancellation Notice at issue in this matter. (Id. at 24; Doc. 14 , Ex. G, Return Receipt, attached). Plaintiff Local 392 claims that it did not receive the Cancellation Notice, the whereabouts of which remain unknown. (Koester Dep. at 42).

By January, 2005, Defendant Satellite Plumbing was delinquent in its obligations to contribute to Plaintiff's fringe benefits funds pursuant to the CBA, having failed to make the required reports and contributions for the months of May, July August, September and October, 2004. (Doc. 1, Complaint at ¶¶13-14). Based on this delinquency, Plaintiffs contacted counsel to begin the process of recovering on the bond. Plaintiffs contend that the first notice they were given that the bond had been cancelled came via Western's correspondence to Plaintiffs' counsel informing him that the bond had been cancelled and recovery was not possible. (Allphin Aff. at ¶¶ 6-7; Koester Aff. at ¶¶ 4-5).

## OPINION

A motion for summary judgment should be granted if the evidence submitted to the court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action.

3

*Celotex*, 477 U.S. at 323.

A party may move for summary judgment on the basis that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for judgment as a matter of law.  In response to a summary judgment motion properly supported by evidence, the non-moving party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial.  *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989).  Conclusory allegations, however, are not sufficient to defeat a properly supported summary judgment motion.  *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990).  The non-moving party must designate those portions of the record with enough specificity that the Court can readily identify those facts upon which the non-moving party relies.  *Karnes v. Runyon*, 912 F. Supp. 280, 283 (S.D. Ohio 1995)(Spiegel, J.).   "[A]fter a motion for summary judgment has been filed, thereby testing the resisting party's evidence, a factual issue may not be created by filing an affidavit contradicting [one's own] earlier deposition testimony." *Davidson & Jones Dev. Co. v. Elmore Dev. Co.*, 921 F.2d 1343, 1352 (6th Cir. 1991).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial.  *Anderson*, 477 U.S. at 249-50.  In so doing, the trial court does not have a duty to search the entire record to establish that there is no material issue of fact. *Karnes*, 912 F. Supp. at 283.  *See also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989); *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988).  The inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.  *Anderson*, 477 U.S. at 249-50.

If, after an appropriate time for discovery, the opposing party is unable to demonstrate a *prima facie* case, summary judgment is warranted.  *Street*, 886 F.2d at 1478 (citing *Celotex* and *Anderson*).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"  *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Defendant Western argues that Plaintiffs' Complaint is barred because the

4

claims were not brought within six months of the day on which it acquired knowledge of the alleged breaches as required by the Deductions Bond. The Deductions Bond specifically provides in pertinent part that:

> PROVIDED FURTHER, that any elected officer of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the U.S. and Canada, Local Union No. 392 may institute a suit at law or proceedings in equity against this bond, to recover in behalf of any claimants hereunder providing such suit is brought within six (6) months after knowledge of breach of said contract.

(Doc. 14, Ex. A, at p. 1, attached).

The parties do not dispute that Ohio law allows for the time limits for actions to be brought under a contract to be shortened by the contract if the limitation is not unreasonable. *Hounshell v. American States Ins. Co.,* 424 N.E.2d 311, 313 (Ohio 1981). Plaintiffs argue, however, that the time limitation provided for in the Deductions Bond is unreasonable because it fails to take into consideration the nature of the business relationships between the parties and the length of time necessary for beneficiaries under the bond to determine an employer is in breach and recovery under the bond is necessary. Plaintiffs argue that the industry practice to which Local 392 adheres is to attempt to work with contractors to help them resolve delinquency issues before resorting to legal action. (*See* Allphin Dep. at 62; Koester Dep. at 56-57). We are not persuaded by such an argument. Plaintiff Local 392, not Defendant, drafted the Deductions Bond, the "standard" language of which was within its control. (Koester Dep. at 25). There is no evidence of any negotiations with respect to the language or terms of the bond on the part of Defendant Western. Plaintiffs were in the best position to know what time limitation was needed to effectuate the "industry practice" regarding delinquencies and should have included such in the language and terms of its standard form. To now argue that such a time limitation is unreasonable because it fails to take into consideration a business relationship of which Plaintiffs had personal knowledge is disingenuous at best. We find, therefore, that Plaintiffs were required to file suit to recover on this bond within six months of acquiring

5

knowledge of Satellite's breach, in this case, by March 31, 2005 at the latest.[2] Accordingly, we find that Plaintiffs' action to recover on the bond at issue is barred by the express language and terms of the Deductions Bond and Defendant Western Surety is entitled to summary judgment as a matter of law.

In an abundance of caution, we will address Defendant Western's alternative argument that, because it provided Local 392 with written notice of cancellation, pursuant to the terms of the Deductions Bond, via certified mail, return receipt before August 2004, it is entitled to summary judgment. Plaintiffs argue that Defendant's service of the cancellation notice was deficient because it was not sent to the proper parties, namely all entities listed on the bond who were entitled to collect on the bond. Unfortunately, Plaintiffs cite this Court to no authority and we are aware of none entitling any party other than a party to the Bond to notice of cancellation. The Deductions Bond clearly states that:

> Satellite Plumbing 7 HVAC, Inc., . . . as Principal and Continental Casualty Company[3] of 312 Elm Street, Suite 1400, Cincinnati, OH 45202 as Surety are held and firmly bound into the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of U.S. and Canada Local #392, 1228 Central Parkway, Cincinnati, OH 45210 in the sum of TWENTY-FIVE THOUSAND DOLLARS ($25,000) for which payment well and truly to be made we do bond ourselves, our heirs, executors and administrators, jointly and severally, firmly by these presents.

(Doc. 14, Ex. A). Plaintiff argues that because the Bond was silent as to the parties to whom notice of cancellation must be made, Defendant Western should have sent

---

[2] Local 392 does not dispute that it became aware of Satellite's delinquency in September, 2004 and it referred such to legal counsel sometime prior to January 19, 2005 to begin the process of recovering on the bond at issue. (Koester Dep. at 55; Allphin Dep. at 51). Thus, we find that Plaintiffs have indirectly conceded that three months is sufficient time in which to exhaust extra-judicial means of resolution before instituting legal action. That Plaintiffs then waited another four months after being informed of the cancellation of the bond before filing suit troubles this Court. Moreover, Plaintiffs offer no explanation for conduct which can best be described as dilatory.

[3] CNA Surety is a holding company that underwrites bonds in operating (Western Surety Company) and affiliated companies (Continental Casualty Company). CCC is an underwriting company of CNA Insurance and CNA Surety has authority to issue bonds on CCC's paper. CNA Surety and Western Surety have authority to handle claims on CCC's paper. These entities will be referred to herein as "Western Surety."

the notification to all of the individual entities listed as beneficiaries on the bond. We disagree. As noted above, Plaintiff Local 392 drafted the Bond at issue. Therefore, any ambiguities in the language of the Bond are to be construed against Local 392. *McKay Machine Co. v. Rodman*, 228 N.E.2d 304, 307 (Ohio 1967); *Zimmerman & Adler Co. v. Mt. Washington Post No. 484*, No. C-790248, 1980 WL 352844 at *2 (Ohio Ct. App. June 11, 1980). No mention is made in the Bond as to whom notice of cancellation must be sent.[4] To the extent such silence creates an ambiguity, we find it entirely reasonable, and indeed compelling, that absent specific instructions to the contrary, notice of cancellation should be sent to the parties to the Bond and not all entities entitled to collect thereon. Moreover, taking Plaintiffs argument to its logical conclusion, requiring notice to all entities entitled to collect on the Bond would pose an unreasonable burden upon Defendant Western as the specific language of the Bond lists fringe funds entitled to collect "*such as but not limited to*" the Plaintiffs in the present action. In light of the fact that the list of those entities entitled to collect on the Bond is not exclusive, notice to all entities entitled to collect is beyond the control of Defendant Western. As such, we find that Plaintiff Local 392 is the only Plaintiff which was a party to the Bond and the only plaintiff to which Defendant Western was bound under the Bond. Therefore, Plaintiff Local 392 was the only party entitled to receive notice of cancellation of the Deductions Bond. For this reason, we find that Defendant Western Surety is entitled to summary judgment as a matter of law.

Plaintiff's token argument that Ms. Wilson was not authorized to receive certified mail is likewise, not well taken by the Court. It is undisputed by Plaintiffs that Ms. Wilson was trained in the handling of certified mail and to recognize the address on the Return Receipt as belonging to Local 392, which was located on the second floor of the building identified in the Bond. According to Plaintiffs, mail which was addressed to Local 392, as was Defendant's Notice, has "always been delivered to the second floor office." (Koester Dep. at 16). Plaintiff Local 392 further offered that "the postal service is pretty well up-to-date on who gets what [mail]" in the building occupied by Local 392. (Id. at 11). Indeed, the evidence indicates that, although occasionally a piece of mail is misdirected within the building occupied by Local 392, the mistake has always been remedied by the postal service or internally by Local 392 or other departments within the building. (Id.; Allphin Dep. at 11). Moreover, while it was the ordinary business practice of

---

[4] The Bond provides specifically that: "the terms of this bond are that it shall be in full force and effect unless sixty (60) days written notice is given of intention to cancel by said bonding company. (Doc. 14, Ex. A).

Defendant to send such notices via certified mail, such service was not required by the terms of the Deductions Bond.  Thus, whether Ms. Wilson was authorized to sign for certified mail is irrelevant in light of the fact that delivery by certified mail was not required.  Under Ohio law, there is a rebuttable presumption that once notice is mailed, it is presumed to be received in due course.  *See Weiss v. Ferro Corporation*, 542 N.E.2d 340, 342 (Ohio 1989).  Therefore, regardless of who signed for the Notice, its delivery is presumed, absent proof to the contrary, upon its mailing to the proper address.[5]  As Plaintiffs have failed to rebut Defendant's proof of delivery, we find Plaintiffs' argument on this point to be misplaced.

Finally, Plaintiffs move for summary judgment against Defendant Satellite Plumbing.  To date, Defendant Satellite has not responded to Plaintiffs' motion.  Pursuant to Rule 56,

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

The undisputed material facts establish that Defendant Satellite breached the terms of the CBA between the parties.  The Request for Admissions, which were served upon Defendant Satellite and to which Satellite failed to respond, are deemed admitted pursuant to Fed. R. Civ. P. 36(a).  The Admissions establish that Satellite was a signatory contractor to the CBA between the parties.  (Doc. 18, Ex. A, Admission 1).  Further, Satellite was obligated to send a report and corresponding payment for hours worked and fringe benefits due its Union employees by the fifteenth of each month.  (Id. at Admission 2).  Finally, Satellite admits that it failed to fulfill its obligations to submit monies due under the CBA for the months of August, September, October and November, 2004.  (Id. at Admission 3).  As such, we find that there exists no genuine issue of material fact

---

[5]  It is undisputed that the address provided in the Deductions Bond for Local 392 was the correct address.  While Defendant stresses that Local 392 provided no documentation or directive that correspondence should be specifically addressed to the Second Floor, Plaintiffs do not argue that the address listed on the Cancellation Notice was defective.

with respect to Defendant Satellite's breach of the CBA and Plaintiffs are entitled to judgment as a matter of law against Defendant Satellite.

## **IT IS THEREFORE ORDERED THAT**:

1)      The Motion of Defendant Western Surety Co., for Summary Judgment (Doc. 14) is GRANTED.

2)      Plaintiff Plumbers, Pipefitters and Mechanical Equipment Service Local Union No. 392, Et. Al.'s Motion for Summary Judgment Against Defendant Western Surety (Doc. 19) is DENIED.

3)      Plaintiff Plumbers, Pipefitters and Mechanical Equipment Service Local Union No. 392, Et. Al.'s Motion for Summary Judgment Against Defendant Satellite Plumbing (Doc. 18) is GRANTED.

4)      This case be TERMINATED on the Court's Docket.

SO ORDERED.

Date:   5/2/2006             s/Timothy S. Hogan
                            Timothy S. Hogan
                            United States Magistrate Judge

9